UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HECTOR ESPINO-SOLORIO,

           Petitioner,

v.

WILLIAM BARR, et al.,

           Respondent.

CASE NO. C20-1091-RSM-BAT

**REPORT AND RECOMMENDATION**

Petitioner, by counsel, seeks release from immigration custody under 42 U.S.C. § 2241. Dkt. 1. The government contends the Court should deny relief and dismiss the habeas petition. For the reasons below, the Court agrees with the government and recommends the petition be DENIED and the case be DISMISSED with prejudice.

Petitioner alleges he was ordered removed on March 27, 2018 and has been in immigration (ICE) detention since April 10, 2017. *Id.* He contends the immigration law judge (IJ) denied him a constitutionally adequate bond hearing, and that his detention violates his procedural and substantive due process rights under the Fifth Amendment, and his statutory right to a bond hearing under 8 U.S.C. § 1226(a) and *Casa-Castrillon v. Department of Homeland Security*, 535 F.3d 942 (9th Cir. 2008). *Id.* In specific he contends his continued detention is unconstitutional because he is not a flight risk or danger to society, he is not an aggravated felon

REPORT AND RECOMMENDATION - 1

1  and the IJ's refusal to provide a bond hearing violates the Fifth Amendment to the United States

2  Constitution. *Id.*

3      The government opposes the habeas petition on the grounds that petitioner failed to

4  exhaust his administrative remedies and even assuming he had exhausted, petitioner received a

5  valid and individualized bond hearing before an IJ and all the process he is due. Dkt. 7 at 2. The

6  government contends on May 27, 2020, IJ John C. Odell provided petitioner with a valid

7  individualized bond determination and found the Department of Homeland Security (DHS) met

8  its burden of establishing by clear and convincing evidence petitioner posed a flight risk and

9  danger to the community. *Id.* After Judge Odell denied petitioner bond, petitioner failed to

10 appeal the denial and did not exhaust his administrative remedies before the Board of

11 Immigration Appeals (BIA). *Id.*

12     The government argues the Court should reject petitioner's claim for relief for several

13 reasons. First, petitioner's claim he was denied a bond hearing is belied by the record. The record

14 establishes, and petitioner does not contend otherwise, petitioner was granted several bond

15 hearings with most recent being conducted in May 2020. As the record clearly establishes

16 petitioner received a bond hearing before an IJ in May 2020, the claim petitioner was denied a

17 bond hearing fails and should be denied.

18     Next, the government contends the due process clause is not offended simply because

19 petitioner is detained. As the government points out, immigration detention, itself, does not

20 violate due process because the Supreme Court has recognized detention is a constitutionally

21 valid aspect of the deportation or removal process. *Denmore v. Kim*, 538 U.S. 510, 522 (2003).

22 Further, the government contends there is a valid reason to detain petitioner. The government

23 argues the facts underlying petitioner's conviction for malicious mischief reveals petitioner and

REPORT AND RECOMMENDATION - 2

others were firing guns from an automobile while under the influence of controlled substances. Additionally, petitioner was arrested and convicted for possessing unlicensed cannabinoid extract weighing more than a third of a kilo. Petitioner does not contest these facts. The government submits petitioner's criminal activities support its interest in detaining petitioner to protect the public.

The government also contends petitioner's claim he was denied adequate procedural protections in violation of the Fifth Amendment lacks support and should be rejected. The government submits petitioner has received more than one bond hearing and the IJ in the most recent hearing held in May 2020 applied the proper legal standards in denying petitioner bond. Petitioner presents nothing contradicting the government's assertion.

The government argues this Court should also reject petitioner's due process claims that he is being held too long under the standards utilized in *Martinez v. Clark*, 18-1669, 2019 WL 5968089 (W.D. May 23, 2019) (Report and Recommendation). In *Martinez* the Court considered the length of detention to date; the likely duration of future detention; whether detention exceeds the time spent in prison for the crime making petitioner removable; the nature of crimes petitioner committed; conditions of detention; delays in removal caused by petitioner and caused by the government; and the likelihood removal will result in a final order or removal.

Here petitioner has been in immigration detention about 40 months but has been granted three bond hearings. Petitioner claims he is not an aggravated felon but the Ninth Circuit recently affirmed the BIA's determination that petitioner was convicted for a drug offense that made him removeable under 8 U.S.C. § 1227(a)(2)(B)(i), and that the Circuit Court lacks jurisdiction to review the BIA's decision to affirm the ILJ's of petitioner's application for cancellation of removal. *See Espino Solorio v. Barr*, 2020 WL 5742955 (9th Cir. Sept. 25, 2020).

REPORT AND RECOMMENDATION - 3

1    Regarding time spent in criminal custody, petitioner served 30 days in jail for his drug
2    conviction. While this is term of incarceration is short relative to his immigration detention, the
3    government contends the Court should consider the fact petitioner has an extensive criminal
4    history and served nearly four years in criminal custody for his various offenses. Petitioner has
5    not argued this is not a valid assessment of this factor or that the assertion is factually untrue.

6    The government also points out petitioner's criminal conduct is serious. Petitioner was
7    convicted of malicious mischief in a case involving driving more than 100 mph in a 30 mph
8    speed zone, running red lights, driving in the wrong direction, and firing shots from the
9    automobile. Petitioner was also convicted in a case in which he was transporting large amounts
10   of marijuana and materials indicative of distribution.

11   As to petitioner's custody, he is detained at the NW immigration center which does not
12   weigh in any party's favor. Neither petitioner nor the government are responsible for any undue
13   delay in the case. And finally, the factor of whether petitioner's removal proceedings will result
14   in a final order of removal weighs in favor of the government given the Ninth Circuit's decision
15   that petitioner committed a drug offense subjecting him to removal.

16   In sum, based upon the factors above, the Court cannot say that petitioner's due process
17   rights have been violated.

18   The Court also notes that in his reply to the government's arguments, petitioner
19   acknowledges "the government is largely correct that Mr. Espino-Solorio has already received
20   the hearing originally requested." Dkt. 8 at 2. Petitioner thus concedes he received a bond
21   hearing and presents nothing showing that the IJ's bond determination is constitutionally invalid
22   either substantively or procedurally. *Id.* Petitioner thus fails to establish any constitutional or
23   legal error in his bond hearing.

REPORT AND RECOMMENDATION - 4

Moreover, to the extent the habeas petition implicitly challenges the IJ's discretionary judgment, the Court is without jurisdiction to consider such a claim. *See* 8 U.S.C. § 1226(e); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e)"). Accordingly, petitioner has been provided all of the benefits of due process to which he is entitled.

For the foregoing reasons, the Court recommends DENYING petitioner's habeas claims that he was denied a constitutionally adequate bond hearing, and that his continued detention violates his procedural and substantive due process rights under the Fifth Amendment

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, petitioner should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **October 29, 2020.**  The Clerk should note the matter for **October 30, 2020** as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due.  Objections and responses shall not exceed 8 pages.  The failure to timely object may affect the right to appeal.

DATED this 15th day of October, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 5